1  (v.6)

2                        UNITED STATES DISTRICT COURT
                         CENTRAL DISTRICT OF CALIFORNIA

3

4  DIRECTV, INC.,                          )
   a California corporation,               )

5                                          )
             Plaintiff,                    )        Civil Action No. 01-10440 DDP

6                                          )
                                           )

7       v.                                 )
                                           )
8  JAMES A. CIANCIA, d/b/a                 )        **CONSENT ORDER OF SETTLEMENT**
   usacardcleaners.com, and                )        **AND DISMISSAL WITH PREJUDICE**
9  JOHN DOES 1-5,                          )
                                           )        Priority  ___
10                                         )        Send      ___
             Defendants.                   )        Enter     ___
11 _____ )        Closed  · ___
                                                    JS-5/JS-6  ___
                                                    JS-2/JS-3  ___
12                                                  Scan Only  ✓

         WHEREAS,  Plaintiff  DIRECTV ("DIRECTV"), Defendant James A. Ciancia and Sheila E.

13

   Ciancia (collectively, "Respondents"), by and through their counsel, have amicably adjusted their

14

15 differences arising out of the facts and circumstances which form the basis of the complaint on file

16 herein,

17       WHEREAS, DIRECTV and Respondents agree to the terms and conditions as set forth in this

18 Consent Order of Settlement And Dismissal With Prejudice ("Consent Order"), and consent to the

19 jurisdiction of the court for purposes of enforcement of this Consent Order.

20       WHEREAS, good cause having been shown;

ENTER ON ICMS

JUN 1 3 2002

21

22 IT IS ON THIS  12th  day of  June , 2002, ORDERED THAT:

23

24       1.      The above-captioned matter is hereby dismissed with prejudice.  Each party shall bear

25 its own costs, including attorneys' fees.

26       2.      Respondents, and any persons or entities controlled directly or indirectly by them, are

27 hereby permanently enjoined and restrained from:

28

___✓ Docketed
___✓ Copies / NTC Sent
___✓ JS - 5 / JS - 6
___ JS - 2 / JS - 3
___ CLSD

ORIGINAL

(a)      receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

(b)      designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing or selling any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) that is primarily designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming;

(c)      advertising the sale of any devices or equipment (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers, reader/writers, or software or components therefor) that is primarily designed, intended, or marketed for the purpose of facilitating the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, and advertising or providing information or technical services in support thereof.

3.      This Consent Order shall apply to Respondents activities worldwide, and shall apply with the same force and effect to the DIRECTV Latin America (also known as Galaxy Latin America) satellite system, and to any other direct broadcast satellite system or related business in which DIRECTV has a financial or other interest, now or in the future, which interest is known to Respondents.

4.      Respondents, and any persons or entities controlled directly or indirectly by them, are hereby permanently enjoined and restrained from:

2

(a)     investing or holding any financial interest in any enterprise that Respondents

know is engaging in any of the activities prohibited by this Consent Order; and

(b)     knowingly allowing any persons or entities that Respondents control, either

directly or indirectly, to engage in any of the activities prohibited by this Consent Order.

5.     In the event that Respondents become aware that an enterprise in which they have

invested or hold any financial interest is engaged in any of the activities prohibited by this Consent

Order, Respondents agree immediately to divest themselves of any such investment or financial

interest and to promptly notify DIRECTV of the same.

6.     To the extent not already seized by plaintiff or produced by plaintiff, upon the

issuance of a lawful subpoena, Respondents shall provide to plaintiff: (1) all documents, including

but not limited to, records, files, receipts, invoices, correspondence, communication, copies of

calendars and diaries, memoranda, and other evidentiary materials, whether in physical or electronic

form, that relate to the subject matter of the complaint; (2) all devices related to the subject matter of

this action, (including, by way of example, loaders, bootloaders, unloopers, emulators, programmers,

reader/writers, or software or components therefor) or any other technological products in

Respondents possession that are known by Respondents to be used for the purpose of satellite signal

theft.  The obligation to turn over documents and devices pursuant to this paragraph shall be ongoing

with respect to any materials discovered after the entry of this Order.

7.     The Court shall retain jurisdiction to entertain such further proceedings and to enter

such further orders as may be necessary or appropriate to implement and/or enforce the provisions of

this Consent Order.

8.      The Court shall be authorized to award damages to DIRECTV for losses sustained prior to the date of this Consent Order, in addition to any other damages or other relief authorized by law upon notice to Respondents and a hearing as to evidence that Respondents have violated this Consent Order.

9..     Notwithstanding the provisions of Paragraph No. 1, Respondents may, with the prior consent of DIRECTV, which consent shall not be unreasonably withheld, engage in designing, manufacturing, assembling, modifying, importing, exporting, possessing, offering to the public, trafficking, distributing or selling smartcard programers/readers for legitimate purposes.

10.     DIRECTV hereby consents to Respondents advertising and selling unprogramed ATMEL Model No. 2313 microprocessors.

DATED: _6 - ( 2_ , 2002.

Honorable Dean D. Pregerson
United States District Court Judge

Presented by:

KIRKLAND & ELLIS
Attorneys for Plaintiff, DIRECTV, Inc.

Jason Beckerman(SBN 197912)

JAMES A. CIANCIA, Pro Se          Dated: _5- 2_____, 2002

SHEILA E. CIANCIA, Pro Se          Dated: _May 2___, 2002

Plaintiff DIRECTV, Inc.

KIRKLAND & ELLIS

By: _____          Dated: _5-2_____, 2002
JASON BECKERMAN
Attorney for Plaintiff
DIRECTV, INC.


New Jersey Counsel for
Defendant James Ciancia and
Respondent Sheila Ciancia

HARTMAN & WINNICKI, P.C.

By: _____          Dated: _May 2___, 2002
Richard Ravin
New Jersey Counsel
for Respondents
James A. Ciancia and
Sheila E. Ciancia